Petre **LITCHEV**, Petitioner,

v.

Alberto R. **GONZALES**,[1] Attorney General of the United States, William Cleary, Field Office Director, Buffalo District Immigration and Customs Enforcement, Department of Homeland Security, Respondents.

No. 05–3050–AG.

United States Court of Appeals, Second Circuit.

Nov. 14, 2006.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Mark T. Kenmore, Buffalo, NY, for Petitioner.

Terrance P. Flynn, United States Attorney for the Western District of New York, Jane B. Wolfe, Assistant United States Attorney, Buffalo, NY, for Respondents.

Present: THOMAS J. MESKILL, ROBERT D. SACK and SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Petre Litchev, a native and citizen of Bulgaria, seeks review of a May 23, 2000 order of the BIA affirming the November 21, 1994 decision of Immigration Judge ("IJ") Walter Durling denying Litchev's applications for asylum and withholding of deportation. *In re Petre Litchev*, No. A71 972 627 (B.I.A. May 23, 2000), *aff'g* No. A71 972 627 (Immig. Ct. Buffalo Nov. 21, 1994). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA does not expressly adopt the IJ's decision, but its reasoning "closely tracks" that of the IJ, and this Court's conclusion would be the

same regardless of which decision it reviewed, it is appropriate to review both decisions "for the sake of completeness." *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir.2006). We review *de novo* questions of law and the application of law to undisputed fact. *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). However, we review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

▮ Substantial evidence supports the IJ's and BIA's determination that Litchev failed to demonstrate past persecution on account of his political opinion. The focus of Litchev's claim was that newspaper editors refused to publish his article exposing some of the atrocities that occurred in Bulgarian prison camps in the 1950s, and that subsequently he began receiving threatening letters and phone calls. These threats did not amount to persecution inasmuch as he could not establish who was behind them or that they were ever carried out. *See Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir.2002). Additionally, he failed to establish a "deliberate imposition of substantial economic disadvantage" with his testimony about his generally unsatisfactory economic position and employment opportunities. His testimony did not prove that these limitations were deliberate or more substantial than those experienced at the time by Bulgarians generally. *See id.* Moreover, it is not necessarily persecution for a government to punish its citizens for violating its exit laws, *see Matter of S–L–L–*, 24 I. & N. Dec. 1, 11–12, 2006 WL 3337624 (BIA 2006), or to require military service of its citizens, absent certain circumstances not present here, *see Islami v. Gonzales*, 412 F.3d 391, 396 (2d Cir.2005). Even when viewed cumulatively, the harm Litchev experienced was not sufficiently extreme to amount to persecution. *See Ai Feng Yuan v. U.S. Dep't of Justice*, 416 F.3d 192, 198 (2d Cir.2005) ("persecution is an extreme concept that does not include every sort of treatment our society regards as offensive").

▮ Even if Litchev had established past persecution, however, any resulting presumption of well-founded fear was adequately rebutted. *See* 8 C.F.R. § 1208.13(b)(1). Litchev failed to meet the subjective component of well-founded fear. He stated that his concerns about returning to Bulgaria related more to quality of life than to fear of persecution. The IJ also found that any fear of persecution was not objectively reasonable in light of a then-current country report indicating that Bulgaria had made "substantial progress toward democracy," and that personal, localized conflicts were a much more common source of harm than the national government. Litchev has not asserted that country conditions have worsened substantially since that time. Substantial evidence also supports the IJ's determination that internal relocation was a reasonable option, when Litchev testified that his wife and son had moved to another part of Bulgaria and experienced no further harm. Under these circumstances, a reasonable fact-finder would not be compelled to conclude that he demonstrated the requisite fear of persecution. *See INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Finally, because Litchev's withholding claim was premised on the same facts as his asylum claim, he necessarily failed to meet the higher burden of proof. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is

VACATED, and any pending motion for a stay of removal in this petition is DE-NIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).